## BENJAMIN G. LARNED *versus* WILLIAM BRIDGE, Administrator.

A will contained the following clause : " I give and bequeath to my beloved wife, the use and benefit of all my estate, real and personal, and should the income prove insufficient for her comfortable support, she to dispose of so much thereof as shall be necessary for that purpose ; and at her decease, I order the remainder to be equally divided to and among my children ;" and the wife was appointed executrix. It was *held*, that this provision was not in the nature of a legacy, but that it vested in the wife an estate for life, both in the real and personal property, with a naked power to sell, depending upon the contingency of the income proving insufficient for her support, superadded ; that such power must be executed by the wife personally, and not as executrix, and would not, on her renunciation of the office of executrix, devolve on the administrator with the will annexed ; and that a license obtained by such administrator, after the death of the wife, from a Court of Probate, authorizing him to sell such real estate, in order to defray expenses incurred in the maintenance of the wife, was invalid.

THIS was an appeal from an order of the judge of probate, authorizing the appellee, as administrator with the will annexed, of Daniel Larned, to sell a part of the real estate of the deceased. The appellant was a son and heir of the testator.

On June 18, 1822, the testator, being seised and possessed of real and personal estate, made his will, which, after directing his debts, &c. to be paid, contained the following clause : " I give and bequeath to my beloved wife, Rebecca Larned, the use and benefit of all my estate, real and personal, and should the income prove insufficient for her comfortable support, she to dispose of so much thereof as shall be necessary for that purpose ; and at her decease, I order the remainder to be equally divided to and among my children." The wife was appointed executrix. The testator died in 1823. On August 12, 1823, the will was proved and allowed, and the appellee was duly appointed administrator with the will annexed, the wife having declined the office of executrix. The widow died in 1834, and John Allen, who was one of her creditors, was appointed administrator upon her estate.

On November 18, 1834, the appellee petitioned the Probate Court of this county for license to sell a portion of the real estate of the testator ; and stated in his petition, that the debts of the testator, at the time of his death, together with the expenses of administration and of the comfortable support

of the widow under the provisions of the will, and the value of sundry articles of personal estate delivered to the widow, amounted to the sum of $897·41 ; and that the personal estate of the testator, with the net proceeds of land sold by the widow under the provisions of the will, the rent of the real estate, and a balance in the hands of the appellee, amounted to the sum of $592·30.

On May 19, 1835, an order was passed by the judge of probate, empowering the appellee to sell so much of the real estate of the testator as should be necessary to raise the sum of $305·11, this being the difference between the two sums last mentioned.

It was agreed, that the widow, during her lifetime, sold two parcels of land, under the authority given her in the will, for the sum of $240·26.

The appellant appealed from the order of the Probate Court ; 1. Because the judge of probate, in passing such order, in effect, decreed that the provision in the will, above set forth, was in the nature of a legacy ; that such provision made the debts contracted by the widow in her lifetime, for her comfortable support, a lien upon the real estate of the testator after her death ; and that the appellee was, by such provision, legally bound to pay, after the decease of the widow, the debts contracted by her in her lifetime for her comfortable support, and might, by leave of the Probate Court, sell the whole or a part of the real estate of the testator for that purpose. All which decisions are erroneous.

2. Because the order assumes, that the will authorized the Probate Court to license the appellee to sell the real estate of the testator for the purpose set forth in the petition of the appellee, when, in fact and law, the will conferred no such authority.

*Buttrick*, for the appellant, to the point, that the provision was not in the nature of a legacy, cited *Farwell* v. *Jacobs*, 4 Mass. R. 634 ; *Baker* v. *Dodge*, 2 Pick. 619 ; *Minot* v. *Prescott*, 14 Mass. R. 495 ; *Stevens* v. *Winship*, 1 Pick. 318 ; *Thomlinson* v. *Dighton*, 1 Salk. 240 ; that such provision created a *power*, but not a *trust*, *Brown* v. *Higgs*, 8 Ves. 570 ; *Hunt* v. *Rousemanier*, 8 Wheat. 203 ; *Wait*, *Appellant*

7 Pick. 100; that if such provision conferred a power on the widow, it was not transmissible to third persons, *How* v. *Whitfield*, T Jones, 110; *Berger* v. *Duff*, 4 Johns. Ch. R. 368; *Ingram* v. *Ingram*, 2 Atk. 88; *Combe's case*, 9 Coke, 76; that such power could not be executed after the death of the party for whose benefit it was created, *Hinchinbroke* v. *Seymour*, 1 Bro. C. C. 395; *Jackson* v. *Jansen*, 6 Johns. R. 73; and that the non-execution of a power is never supplied, *Lassells* v. *Cornwallis*, 2 Vernon, 465; 1 Madd. Ch. Pr. 608; *Farrington* v. *Harte*, 1 Cox's Eq. Cas. 131; 4 Cruise's Dig. tit 32, c. 19; *Holmes* v. *Coghill*, 7 Ves. 499.

*Hoar* and *Mellen*, for the appellee. The administrator with the will annexed was clothed with the same powers which were conferred upon the executrix; and if the widow, as executrix, could have sold, the appellee may sell. *Farwell* v. *Jacobs*, 4 Mass. R. 634; *Saunderson* v. *Stearns*, 6 Mass. R. 37; *Hall* v. *Cushing*, 9 Pick. 395; *Stevens* v. *Winship*, 1 Pick. 318. A mere power, unaccompanied with an interest, would not devolve on the administrator; Com. Dig. *Poiar*, *A*, *E*; *Morgan* v. *Surman*, 1 Taunt. 289; *Smith* v. *Wheeler*, 1 Ventr. 128; but this was a trust coupled with an interest; *Osgood* v. *Franklin*, 2 Johns. Ch. R. 1; *S. C.* 14 Johns. R. 527; *Combe's case*, 9 Coke, 76; *Reresby* v. *Newland*, 2 P. Wms. 102; and could be enforced in equity. It was not ex tinguished by the death of the wife; and her administrator or creditors could compel the appellee to pay her debts. *St.* 1817, c. 87; *Farwell* v. *Jacobs*, 4 Mass. R. 634; *Gibbens* v. *Peeler*, 8 Pick. 254; *Jenison* v. *Hapgood*, 7 Pick. 1; *Campbell* v. *Sheldon*, 13 Pick. 23; *Prescott* v. *Pitts*, 9 Mass. R. 376.

We contend that this provision in the will was in the nature of a legacy, notwithstanding it related to an interest in real estate, and devolved a duty on the appellee. *Woods* v. *Barstow*, 10 Pick. 368; *Baker* v. *Dodge*, 2 Pick. 619.

SHAW C. J. delivered the opinion of the Court. Appeal from a decree of the Probate Court of this county, granting a license to the appellee, as administrator, *cum testamento annexo*, of the estate of Daniel Larned deceased, to sell and dispose of so much of the real estate of the testator, as should be

29 *

Larned
*v.*
Bridge.

*April term*
1836

sufficient to reimburse certain sums of money, either paid by the appellee, or which he is called upon to pay, as debts incurred, or sums paid, for the comfortable support and maintenance of Rebecca Larned, widow of the testator, now de ceased.

Upon the construction of this will, it has been contended in support of the decree, that the provision in the will is in the nature of a legacy, and devolves a duty upon the administrator *cum testamento annexo*. But we think it is impossible to put that construction on the will. It is a gift to her of the use and benefit of the real estate, and taken in connexion with the use of the word " income " afterwards, must be construed to be an estate for life, both in the real and personal property. The further clause " should the income prove insufficient for her comfortable support, she to dispose of so much thereof," &c., is a naked power, depending upon a contingency. The case of *Stevens* v. *Winship*, 1 Pick. 318, was one, where the terms of the gift were nearly the same, and the principle of that case decides the present. In order to the due execution of the power, the happening of the contingency is a condition precedent, and in addition to the contingency happening, the power must be executed in the lifetime of the person to whom it is given, and by himself personally.

It is not like the case where the comfortable support to a widow, child or other person, is deemed a legacy, because it is not in terms the gift of a comfortable maintenance to the widow, or a direction to the executor to support and maintain her, or any thing equivalent. It is a gift of the whole income of the real and personal estate, with a personal power depending upon a contingency, superadded. The non-execution of such a power cannot be aided, even by a court of equity ; but were it otherwise, it could give no validity to this license, and a Court of Probate can grant license only to sell real estate for payment of debts and legacies.

But it has been contended, that as this power was conferred on the widow, and she at the time was appointed executrix, it may be deemed a power attached to the office of executor, and upon her renunciation of the office, the power devolved with the office upon the administrator of the will There is

no doubt, that where a power is conferred upon an executor as such, and where the execution of such power is necessary to the purposes of the will, which are to be accomplished by the officer, it is to be considered as a power to the officer as such, and not to the person named as executor exclusively ; as where legacies are given, and the executor is empowered and directed to raise money to pay them by sale of the real estate. But this cannot be deemed a power of that description, because it was not to effect any purpose contemplated to be accomplished through the agency of an executor It was a power to the widow personally, and in her natural capacity, to provide for her comfortable support, in case the income of the property given should prove insufficient, by a disposition of a sufficient portion of the testator's real estate for that purpose. And so the widow and her advisers must have understood the matter ; because, though she renounced the executorship from the beginning, and never assumed the office, yet she twice executed the power, by two several sales.

But if the principle could be established as contended for, it would not give efficacy to this decree, because the administrator with the will annexed would derive his power directly from the will, and would have no need of a license, and could not be aided by a license from the Court of Probate.

*Decree reversed*